3 20 0202 people of the state of Illinois Appley versus Christopher L. Croom appellant. Miss Sostok, am I correct? Correct, yes. You may proceed. May it please the court, counsel Aaron Sostok from the office of the state of the appellate defender for appellant Christopher Croom. At trial, Christopher Croom's defense counsel put forward two affirmative defense theories, self-defense and second degree murder. However, counsel's performance was arguably ineffective where counsel failed to call two crucial witnesses who could have bolstered the defense's theories by explaining how Croom's post-traumatic stress disorder led him to believe he was acting in self-defense at the time he stabbed Melvin Buckner. As preparation for trial, counsel sought out two expert reports from Drs. Terry Killian and Robert Meyer of Croom prior to trial and they both diagnosed him with PTSD. Both the reports also indicated that his symptoms likely provided psychiatric mitigation regarding the instant offense and discuss the fact that Croom, one of his symptoms is marked hypervigilance and a deep-seated belief that one has to constantly stand up for oneself for fear that others would see his weakness and attack. Unfortunately, counsel did not call these witnesses to testify at trial though. Our Supreme Court has held that is the defendant's perception of danger, not the actual peril which is dispositive of the defendant's need for self-defense. Moreover, both the self-defense and second degree murder statutes make it clear that these defenses depend on the belief of the defendant at the time of the incident. Here we can see that Croom's PTSD diagnosis would have provided the jury with a much better understanding of why he believed he was in danger at the time of this altercation with Melvin Buckner. Is there a standard here? Is there a reasonableness standard at all or is it just accepting his belief? There were two defenses here. One of his defenses was whether it was unreasonable or reasonable because he provided affirmative defenses of both second degree murder and self-defense. Second degree murder can include an unreasonable belief of danger as well, whereas self-defense does depend more on the reasonableness. However, here counsel had put forward both affirmative defenses so either way this PTSD diagnosis and the symptoms that Croom experienced because of his PTSD would have contributed to his personal belief of whether he was in danger. In Whiters, which is an Illinois Supreme case, our Illinois Supreme Court said it is the defendant's perception of danger which is important in evaluating whether the defendant needed to use self-defense. That perception could be unreasonable and it still be defensible. I'm not sure that Whiters talks about whether it's an unreasonable perception of danger or not. It talks about what the defendant's own perception is. We look at the defendant's perception and what it looks like to them and PTSD in this case absolutely contributes to what Croom believed was going on at the time of the offense and what he needed to do to respond. The problem here is that the jury never was able to hear any of this evidence. Instead, they only heard Croom's version of the events in which he did explain that he was acting in self-defense and that he believed that he was in danger. However, there was nothing to corroborate that his version of the offense and these witnesses could have been called to explain why Croom believed the things that he testified to and also why he then felt he needed to act in the way that he did when he was approached by Melvin Buckner. Additionally, I think it's important to consider the fact that Buckner and Croom had had an earlier altercation in the evening so Croom's perception of danger was actually tainted by that earlier altercation where Buckner was adamant that he was an opposing gang member and the two men had to be separated by friends and then Buckner was taken by a friend to walk it off and was told we don't need anybody getting arrested here and his own friends were telling him that he needed to calm down. So I think that there was other evidence that did support the fact that Buckner could have been the one who instigated this altercation and then given Croom's already this hyper-vigilance and understanding his own mental state that could have led the jury to actually believe Croom's of the offense. Additionally, I think we need to consider the jury note that was sent out in this case. The jury sent out a note during deliberations that said do we all need to believe that mitigating circumstances was present and do we need to all agree that mitigating circumstances was not present. This note shows that at the very least the jury was struggling with the second degree murder verdict whether Croom was guilty of first or second degree murder. They never would have sent out this note if they were not split on the issue of mitigating circumstances. There was no reason to ask this question if everyone agreed that there were no mitigating circumstances to warrant a second degree murder conviction in this case but this note shows us that the jury was split and given that they were split on the issue of second degree murder versus first degree murder we can see that it's arguable that these expert witnesses could have changed the outcome at trial and because this is just a first stage PC we are only looking at whether it was an argue whether counsel was arguably ineffective. It only needs to be arguable that it was unreasonable for him to not introduce these witnesses and we only need to believe it was arguable that this could have changed the outcome at trial. Aren't you speculating about what the jury did here? I didn't see anything that said when the jury sent the note out. It might have been a diligent foreperson who wanted to make sure the instructions were read correctly as opposed to the product of a compromise or the product of the consideration of that evidence. Was there anything else in the record that I may have missed that shows that this came at the 11th hour of deliberations or something else that might have supported your argument? Well we know it came during deliberations because there was more than one note that was sent out so this was during the course of deliberations. Also I would say as far as your the foreperson was being over diligent and asking about whether everyone needed to agree that was actually you know that question is already answered by court instructions. Jurors are very clearly instructed that verdicts need to be unanimous so there's no reason to ask a question specifically about mitigating circumstances and whether everyone needs to be agreement about this one specific thing unless there was something going on in the jury room regarding the mitigating circumstances and some discussion. It doesn't seem to make sense that the jury would send out a note just asking about mitigating circumstances and needing to agree on that in particular if they were just confused about general jury instructions to begin with. You know why would they ask about this one thing but not other things? It definitely shows that there was something I think this shows that there was something going on about the actual mitigating circumstances and whether the jurors agreed or did not agree on that. Yeah I've personally never read a record in which a foreperson sent out a note to be proactive to get clarification or seen that in a record before so I would say it's much more likely that the jury as an entirety agreed to send this note out. And the other thing I think that this note indicates is that the jury didn't necessarily believe the state's entire version of events. They saw some sort of mitigating circumstances here at least some of the members of the jury did and they wouldn't have sent this note about mitigating circumstances if they believed the state's story that Melvin Buckner had instigated or had not instigated this and that Croom was the one who instigated this altercation. If they had believed Croom approached Buckner and thrown the first punch there's no reason for them to ask about mitigating circumstance being in agreement about mitigating circumstances. Some of these jurors believed that there were mitigating circumstances even with the evidence they were shown. So I think we can see that if they were also given this PTSD evidence which is highly highly relevant to this specific offense especially just because of you know the hit Croom's personal psychological history and the fact that a lot of the violence he experienced in his childhood was between men and often he had witnessed men dying in front of him both as a child and later in life in federal prison he had experienced a and so that's actually where his PTSD comes from and we can see how that could have played out in this specific instance with Melvin Buckner. Additionally I'll just briefly talk about the next issue regarding the lynch evidence that council failed to introduce. With regard to that issue council failed to introduce Buckner's domestic battery conviction and appellate council should have raised this on direct appeal. With regards to this issue there's no reason in the record that council would not have introduced this evidence. Council actually sought the court's approval and motion to introduce this conviction under lynch to show that the defendant had a propensity for violence and he was permitted to introduce this and then when it came time to actually introduce this evidence council just completely failed to do so. There's no explanation in the record as to why he did that however there's also no reason not to introduce this evidence and lynch our Illinois Supreme Court has explained to us that lynch evidence can affect the jury's judgment of how credible the various versions of the facts were and here it was that was the entire the entire case rested on whose version of events the jury believed whether it was the state or the defense. So any piece of evidence that would have made the jury more likely to believe the defense's version of events such as this this domestic battery conviction showing Buckner is willing to use violence against his own family members someone in his own home we can we can suppose that maybe he is willing to use violence against an opposing gang member when confront when feeling like he was being disrespected which is what was indicated in the record. So with regards to that I believe it's arguable given the other facts in this case that this lynch evidence could have additionally arguably swayed the jury to believe Croom's version of the offense. And if you don't have any other further questions I'll just summarize and conclude now. Croom's counsel was arguably ineffective here his claim meets the minimum standard to survive a first stage to survive first stage. Croom requests that his petition be remanded for and I would also like to reserve a few minutes for rebuttal if that's all right. Well you will have five minutes and reply. I have one question justice. Yes of course. Counsel please remind me is there an IPI on the on the lynch evidence issue? You know I do not recall if there's an IPI on the lynch evidence issue. I could definitely look up and get back to you but I do not recall at this time. I didn't recollect whether there was or not but okay thank you. I'm sorry. Any other questions? No okay. Ms. Kraff you may respond. May it please the court. Counsel my name is Kelly Kraff and I represent the people of the state of Croom. This court should affirm the trial court's first stage dismissal of defendant's post conviction petition as the trial court properly found that the petition was frivolous and patently without merit. As opposing counsel said defendant addressed two matters in his brief regarding the trial court's dismissal of his petition. The first he alleges that the trial court erred by dismissing petition because its counsel was ineffective for failing to call expert psychological witnesses who would testify that defendants suffered from post-traumatic stress disorder. And next he alleges that the trial court erred by dismissing his petition because he received ineffective assistance of appellate counsel due to appellate counsel's failure to raise on direct appeal trial counsel's failure to present evidence of the victim's prior domestic battery conviction and the alleged error by the trial court to allow evidence of the firearm. As the state argued in its brief these arguments should be rejected. The state first makes the argument in its brief that these arguments the argument regarding ineffective assistance of counsel should not be reviewed because it is barred by the invited air doctrine. Under the invited air doctrine a defendant may not request to proceed in one matter manner and later contend on appeal that the course of action was in air. For the doctrine to apply the defendant must affirmatively request or agree to proceed in a certain way. In here it can be inferred by the record that there was an agreement between defendant and defense counsel not to call these expert witnesses. There was one a statement of intent that was filed on February 8th 2016 and that said now comes Christopher Prune by one of his attorneys and it goes on to say it is the intent of the defendant not to call Dr. Killian along with this idea not to call the witnesses. Also there was a hearing on February 24th in which defendant was present where defense counsel stated that quote we filed a notice a statement of intent we filed it on February 8th statement of intent expert witnesses intending not to call a trial in the merits Terry M Killian and Robert Meyer. During this hearing defendant was standing next to counsel and he did not give any indication that this approach that he disagreed with this approach that was going to be taken by his attorney. As the state argued in its brief defendant should not be allowed to agree with the decision not to call the witnesses for trial and then on appeal complain that the decision was an error. So in other words if as long as just as what the state is arguing is that the defendant agreed with the strategy not to call the expert witnesses clearly the defense hired especially one of these experts and there would have been a discussion with the defendant between counsel and defendant as to what these reports indicated and the reports were very clear. One of the things that it appeared that defense that the wanted was to maybe find an expert that would find him unfit. Neither of these experts found him unfit. They said that he did have some signs of post-traumatic stress disorder but obviously in the state of Illinois as everyone on the panel knows diminished defense diminished capacity defense is not allowed in the state of Illinois. So they were hopeful that they could find someone that could say that he was unfit. They did not find speculative isn't it that they would want someone to find that he was unfit. I mean that's your argument inferentially right. Well my argument is that this the opposing counsel's brief and the argument is barred by and defendant's argument is barred by the invited air doctrine because he agreed with procedure not to call these witnesses and that they would have reviewed what the witnesses would have said in their evaluation of the defendant and made a decision trial strategy decision not to call them as expert witnesses. The defendant was there for the statement of intent as well as during the hearing and would have known that these expert witnesses would not have been called. There would have been a thorough discussion about this and if the defendant did not agree that's assuming you have effective counsel right. The defendant relies on the counsel for advice and the advice of the attorney the fact that the advice of the attorney would have been after taking a look at the evaluations that this may not have been in in our favor as I argued in my brief to necessarily present this evidence and they made a strategic decision to not present this evidence and that's how they decided to go forth in this. We could even argue that our argument the state's argument is that counsel was not ineffective that this was a matter of trial strategy and that is why they my brief and I would even go as far to say that even if PTSD evidence was available as I was mentioning it is a matter of trial strategy because although attorneys do have an obligation to explore readily available sources of evidence that might benefit their clients and failure to investigate and present available witnesses to corroborate a defense has been found to be in effect persistence decisions concerning which witnesses to call at trial and what evidence to with trial counsel. So when we want to talk about if you had a counsel that was ineffective these decisions ultimately rest with trial counsel as to what would be the best strategy that we put forth for our client at this time. So it is well established that these types of decisions what witnesses to call are considered matters of trial strategy and are generally immune from claims of ineffective assistance of counsel and we even mentioned a case in in our brief but they're not immune they're generally so that's what that quote says it does say generally generally yes correct correct justice and we're at first stage here we are at first stage yes in the bar the state recognizes that the bar is low but one of the cases that opposing counsel mentioned in the brief was this case of people versus Tate and from our argument this case is not a situation where defense counsel neglected to for instance as in people versus Tate investigate a potential defense that is not the situation here at all in Tate our supreme court reversed the summary dismissal of a post-conviction petition holding that a trial strategy argument by the state was not appropriate for the first stage of post-conviction petition because it was arguable that the defendant was prejudiced by his attorney's failure to investigate or call to witnesses in this case even if you want to make an argument that we would just say that you cannot even argue that he suffered prejudice so if you want to say for instance it's not barred by the invited heir doctrine ineffective assistance defendant here cannot establish that he was prejudiced by any decision there was there was no indication that he is not one that stabbed Mr. Buckner it was very clear in fact that he he did the evidence pointed to that and so in addition to failing to establish that it was arguable that his attorney's performance was deficient defendant fails to make an arguable showing that he was prejudiced in light of the overwhelming evidence against him although he does contend that the testimony from the medical experts about his PTSD would have been crucial to establish he was acting under a reasonable or unreasonable belief in the need for self-defense defendant's subjective belief that force was necessary is just one of the elements of a self-defense claim so you had would have had to establish other elements as well moreover the defendant took the stand in his defense he was able to explain to the jury what he thought what he felt at the time and the jury did not go but there wasn't any any explanation of why he felt that way correct other than his statement he did feel that way there wasn't any explanation as to why justice holdridge he felt what's that why he felt that way you were just talking about that you're saying he took the stand he said i feel i felt this way he was able to explain all the occurrences that led up to the moment before he ended up stabbing the victim he had the chance to explain that to the jury and the jury did not go along with his story and and even during closing arguments the defense the defense counsel did make a strong argument for defendant but the state was arguing that about self-defense that for a person to be justified in using self-defense they basically cannot start it okay the defendant would have to reasonably believe that his conduct was necessary to to defend himself against the imminent use of unlawful force the problem is he wasn't defending himself against unlawful force he was attacking mr buckner sneaky tricky but he was not defending himself when he stabbed him in the chest the truer fact found the state's argument more convincing than uh the defendants and just because the defendant was found guilty does not mean that his counsel was ineffective and the state wants to also touch on the opposing counsel was discussing that jury note and justice heddle was mentioning uh asked a question about that and the state wrote in its brief that the defendant does misrepresent the jury note as he contends that evidence of his ptsd could have swayed any conflicted jurors during deliberations juries wrote this note it said do we all need to agree that mitigating circumstances were present do we all need to agree that mitigating circumstances were not present as you heard opposing counsel argued this note would indicate that the jury was split on this issue of whether defendant was none of us are privy to the negotiations of the jury either the state the trial court no one is defendant's claim is based purely on speculation and certainly cannot support his assertion that the jurors were split on the issue of whether defendant was guilty of only second degree murder so in regard to the ineffective assistance of counsel claim on the first issue um the state would as the state would say that he was not trial counsel was not ineffective moving on to the second issue is the allegation that the trial court erred by dismissing defendant's petition because he received ineffective assistance of appellate counsel due to appellate counsel's failure to raise on direct appeal trial counsel's failure to present evidence of the victim's prior domestic battery conviction as well as the alleged error by the trial court to allow evidence of the firearm in regard to the firearm evidence the state submits that since defendant was found not for not raising this issue on direct appeal obviously appellate counsel would have taken a look at this saw that he that he was found not guilty of this charge and made a strategic decision that this was not something that they would want to put um and argue on appeal so the state would submit that that argument in regard to the firearm is is not relevant or is it is without merit excuse me is without merit and the state would argue that appellate counsel was not arguably ineffective as to the first issue as well in regard to the domestic violence the lynch evidence one of the things that opposing counsel wanted to discuss was there was really no reason why defense counsel did not bring the domestic violence issue up however there was much discussion regarding whether this whether the victim's prior domestic violence conviction should be admitted into evidence it was from 2007 and as i said there was a lot of discussion as to whether this should be admitted into evidence or not and one of the things the trial court even said was even if defense counsel brought this issue up and and we were able to establish self defense from defense counsel standpoint he didn't even know if he would then the trial judge didn't even know if he then would end up allowing that evidence to be presented in the first place he said that it could really in a way he said it could cut both ways you could take a look at this was from 2007 he said that it could not end up benefiting defense the defense at all and so he said even if defense counsel decided was able to establish self-defense and was able to bring was able to put forth the self-defense claim he didn't even know that he would allow this evidence in so the state would say again appellate counsel was not ineffective for not raising that issue and again it was just a matter of trial strategy decisions concerning what evidence to present on defendant's behalf rests with the trial counsel and are viewed as matters of trial strategy as well as appellate counsel's position on that matter as well so the state would say that appellate counsel was not ineffective for those reasons okay uh looks like your time is up i'm sorry uh miss graph i should have called it your time is up would you like to just summarize or have you i would i would just say that in some the court properly admitted evidence of the gun as i already mentioned um the evidence was relevant and appellate counsel was not arguably ineffective for failing to raise the issue on direct appeal as the issue was meritless um for the reasons that i stated in brief i will stand on my brief but the state would submit that defendant's arguments should be rejected and the decision by the trial court should be affirmed thank you very much thank you any questions no no okay um miss shawstock you may reply thank you um just briefly regarding invited error um there is an abundance of case law in illinois where our courts have explained that the invited error doctrine does not apply to situations of ineffective assistance of counsel and we can see logically why this is the case because otherwise you know anything that that a defendant complains of as ineffective assistance the opposing counsel can just say well it was invited because counsel did it um that it basically would negate the entire ineffective of assistance um body of case law if we said that this was a this was something that a defendant could not argue because of invited error we have to look at whether counsel was ineffective or not we can't just say council invited the error so they could not have been ineffective i mean that that argument logically doesn't make sense and it's been um it's you know been over you know that that has not been accepted by many opinions in our illinois courts it's it including in people v henderson which is a first district case they said that the doctrine of invited error blocks the defendant from raising the issue on appeal absent ineffective assistance of counsel so i'm not saying that i mean what i'm saying here is that we just need to look at whether counsel was ineffective or not we can't say that this was blocked by invited error especially in this case where mr chrome actually filed several pro se motions during trial in which he indicated he disagreed with counsel as as far as strategy decisions there were several motions that mr chrome filed they were not specifically about the mental health witnesses however we don't know what mr chrome understood at the time of trial about the reasons that these witnesses were not called um as um your honors actually pointed out during um miss crapp's argument that we don't know what what the discussion was between counsel and mr chrome we have no idea if chrome and counsel ever discussed whether these witnesses should be called chrome states in his petition that he did not agree that these witnesses shouldn't be called and all we can do is take that assertion as true that is all we know at this point at first stage we must take any assertions that are not rebutted by the record as true and here there's nothing in the record that shows any explanation was given to mr chrome as to why these witnesses were not called there's no explanation on the record as to why counsel made this decision um additionally i would also just address where would that in these proceedings where would that be disclosed if um at all well um well that's the that's the issue here right we're only at first stage um mr chrome didn't have the benefit of counsel in preparing this this um petition so he only put in what he as a pro se petitioner he felt he needed to substantiate his claims in order to know what counsel why counsel didn't call these witnesses we need an evidentiary hearing which is why mr chrome needs the benefit of counsel in a second and second stage remand so that we can know why these witnesses weren't called was it a matter of valid trial strategy that's not an that's not an appropriate um evaluation to make here at first stage um we know the illinois supreme court said and people be taped i know ms craft tried to that trial strategy is not something that we dismiss cases at first stage for we don't know if it's trial strategy at this point because we don't know anything about trial counsel's um decision making process we only know what the defendant has pled um i would also like to add um that it you know trial strategy also shows i mean the state's argument is very has a lot of contradictions in it if it's invited error they're saying it was defendant himself who invited the error then on the other hand they're saying well this was trial strategy it was counsel who made this decision so who need an evidentiary hearing to figure out whether or not counsel's decision was counsel you know tried to get these reports in order to show that mr chrome was unfit we we don't know that that's the reason behind these reports i did not personally see anything in the record that questioned mr chrome's fitness to stand trial um so it's really very reasonable to believe that these these reports were aimed to get a full picture of mr chrome's psychological history and whether that could inform the case in any way but we and then given the results the reports showing that his ptsd could have affected his state of mind at the time of this offense it's arguable that counsel was unreasonable for calling these witnesses so for these reasons we would ask for a remand for second stage proceedings any questions yes um so stock you had mentioned that there was uh motions filed pro se at the time of trial was that mentioned in your brief i did mention that in the reply brief in response yes i believe it's also in the statement of facts i believe as well of the opening brief and i don't have any questions yeah nothing further uh well thank you counsel both for your arguments in this matter this afternoon it will be taken under advisement a written disposition shall issue the court will stand in recess subject to call